UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUNSHINE PASCUAL,

Plaintiffs,

v.

LOWE'S HOME CENTERS, LLC,

Defendant.

No.  2:25-cv-00516-DAD-SCR

ORDER

Plaintiff is proceeding in this action pro se.  Before the Court is Defendant's Motion to Compel and for Sanctions (ECF No. 17), which is referred to the undersigned in accordance with Local Rule 302(c)(1) & (21).  Plaintiff has not opposed the motion.  The motion was heard on April 16, 2026, though Plaintiff's counsel did not appear at the hearing.  The Court hereby GRANTS the motion compelling Plaintiff to appear for a deposition and awards $2,042.00, in monetary sanctions.

I.    **Background and Procedural History**

Plaintiff filed this action in state court in February 2024.  ECF No. 1 at 2.  Defendant was served in July 2024, and Defendant filed an answer in state court in August 2024.  *Id*.  Defendant contends that it learned in response to discovery in January 2025, that the amount in controversy requirement was met, and removed the action to this Court on February 13, 2025.  ECF No. 1. Plaintiff alleges that on February 12, 2022, she was a customer at a Lowe's store in Elk Grove, California.  ECF No. 1-1 at 8.  Plaintiff states that she sat on a toilet seat in one of Defendant's

1

restrooms, and that the seat was "defective and/or improperly installed" and she "slipped and fell off the toilet seat." *Id*.   Plaintiff brought claims for negligence, premises liability, and negligent hiring, supervision, and retention. *Id*. at 8-11.

The complaint named one unknown individual Defendant as "Dirk" and also Doe defendants.  Plaintiff alleges that Dirk, on information and belief, is "an employee and manager of Defendant Lowe's." ECF No. 1-1 at 8.  The Notice of Removal asserts that the Does and Dirk are fictitious and were included in the complaint in an attempt to destroy diversity jurisdiction. ECF No. 1 at 4.  As to Dirk, Defendant states: "There are no allegations made to confirm his identity in the Complaint.  Further, Defendant Lowe's Home Centers, LLC cannot locate a record of anyone named Dirk working at the subject store." *Id*.

When the parties filed a joint status report (ECF No. 10) they stated that Defendant Dirk had not been served.  Defendant filed an updated report thereafter (ECF No. 14) in which Defendant requests that Dirk be dismissed with prejudice.  After receiving this second status report, Judge Drozd issued a Scheduling Order.  ECF No. 16.  The order includes a footnote about Dirk and states the Court will consider a stipulation to dismiss or properly noticed motion. *Id*. at 2 n.1.  The Order sets the close of fact discovery as April 10, 2026. *Id.* at 4.  Expert discovery is to close by July 10, 2026, and the dispositive motion deadline is August 24, 2026. *Id*.  The order requires that discovery be completed by that date and provides: "The parties are advised that motions to compel must be filed in advance of the discovery completion deadlines so that the court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely." *Id*. at 4 n.2.

Here, the motion to compel was filed on March 13, 2026, and though it was not noticed for hearing after the deadline for completion of discovery, on April 16, 2026.  Given the difficulty Defendant faced in attempting to resolve the instant dispute without a motion, the Court finds good cause to adjudicate this dispute beyond the fact discovery deadline and to grant leave to allow the Plaintiff's deposition to occur beyond that deadline.  As discussed at the April 16 hearing, should Defendant seek to amend the scheduling order, it should do so through a

2

stipulation or a properly noticed motion before Judge Drozd.

**II.     Defendant's Motion to Compel (ECF No. 17)**

Defendant's motion seeks an order compelling Plaintiff to appear at deposition and monetary sanctions in the amount of $2,314 for Plaintiff's failure to appear at a previously noticed deposition.  ECF No. 17 at 1-2.  Defendant states that Plaintiff failed to appear for her deposition on November 11, 2025.  *Id*. at 2.  Defendant details meet and confer efforts that occurred in November and December, and that in late-December, Plaintiff's counsel indicated that a new attorney, Mr. Halbert, would be associating in and handling the case.  However, Mr. Halbert never appeared in the case and Plaintiff's counsel of record has never sought to associate Mr. Halbert or to withdraw.

It appears from the record that Plaintiff failed to appear for deposition and that Plaintiff's counsel has been unresponsive to Defendant's attempts to resolve this dispute.  The failure of a party to appear for deposition gives rise to sanctions under Rule 37(d).  Plaintiff did not oppose Defendant's motion or appear at the hearing on that motion.

Rule 37(a)(5) provides that expenses "must" be awarded unless the court finds the failure to appear for the deposition was substantially justified or other circumstances make an award of expenses unjust.  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).  A finding of bad faith is not required to impose sanctions.  *Id*.  In order to determine the amount of the award, the Court uses a lodestar method, determining a reasonable fee by multiplying the hours reasonably expended by a reasonably hourly rate.  *McGraw v. Kim*, 2024 WL 3358071, *2 (D. Nev. 2024).  "With respect to the hours to be compensated, an award of fees in relation to a deposition non-appearance is limited to the expenditure of time caused by the failure to appear."  *Id*. (citation and quotation omitted).  These fees include the time of counsel appearing at the deposition and in seeking sanctions.  *Id.* (awarding fees for 1.5 hours for attending the deposition, and six hours preparing the motion for sanctions).

The Court will grant Defendant the following fees and expenses: $68 for counsel attending the deposition, $1,190 for preparation of the motion, $68 for 0.4 hours for counsel's

court appearance at the hearing on the motion, and $716 for the reporter fee.[1] ECF No. 17 at 7. The total is $2,042.  This is less than the $2,314 requested by Defendant because counsel spent only 0.4 hours at the hearing, as opposed to the two hours anticipated in the motion.  The sanctions will be imposed jointly and severally against Plaintiff and her counsel, Sepideh Hersel.[2] *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988) ("With respect to appellants' claim that sanctions should have been imposed solely on counsel rather than the client, this argument would require us to ignore established law.").

**IT IS HEREBY ORDERED** that:

1.  Plaintiff must appear for deposition and produce documents responsive to Defendant's October 16, 2025, notice of deposition within 30 days of this order, on a date and at a time to be agreed upon by the parties or as noticed by Defendant within those 30 days; and

2.  Monetary sanctions are imposed against Plaintiff and Plaintiff's counsel in the amount of $2,042.00, payable to Defendant's counsel within thirty (30) days from the date of this Order.

SO ORDERED.

DATED: April 16, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  Counsel's hourly rate is $170, which is reasonable.

[2]  The record demonstrates that counsel Hersel indicated an intent to associate Shawn Halbert as counsel for Plaintiff in December 2025.  ECF No. 17-1 at 27-28.  However, no association was ever filed.  After the hearing on April 16 had already begun, counsel Hersel sent an email to the undersigned's chambers indicating an expectation that Halbert would appear at the hearing. However, Halbert never appeared.  By operation of Local Rule 182, Hersel remains counsel of record for Plaintiff.  Local Rule 182(a) ("[N]o attorney may participate in any action unless the attorney has appeared as an attorney of record."); Local Rule 182(d) ("Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.").

4